IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRANDON WALKER,**

    Plaintiff,

v.                                                                                        Civil Action No. **3:24CV379**

**OFFICER CANA,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

The matter is before the Court on Plaintiff's willful attempt to avoid paying his filing fee obligations for the present action.

By Memorandum Order entered on January 16, 2025, the Court stated:

> **A.    The Relevant Statute**
>
> The relevant portion of the Prison Litigation Reform Act requires the prison "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). The Supreme Court examined this provision in *Bruce v. Samuels*, 577 U.S. 82 (2016.) In that case, Antoine Bruce was a "frequent litigant," who "had previously incurred filing-fee obligations in other cases and maintained that the monthly filing-fee payments for [the present] case would not become due until those prior obligations were satisfied." *Id.* at 87 (citation omitted). The Supreme Court rejected that argument:
>
>> The Court of Appeals for the District of Columbia Circuit, whose decision is before us for review, rejected Bruce's argument. Bruce must make monthly filing-fee payments in this case, the court held, simultaneously with such payments in earlier commenced cases. We agree with the appeals court that [28 U.S.C.] § 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees.
>
> *Id.* (citations omitted); *see Hughes v. Anderson*, 829 F. App'x 724–25 (7th Cir. 2020) (citation omitted) (concluding because inmate had five cases where he was granted leave to proceed *in forma pauperis*, "100% of the balance of his inmate

1

trust fund account exceeding $10 (20% for each case) would be deducted until his filing fees were fully paid").

### B. Relevant Procedural History

By Memorandum Order entered on June 11, 2024, the Court conditionally docketed Plaintiff's action. At that time, the Court directed Plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to collection of fees form. The Court warned Plaintiff that a failure to comply with the above directive within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

On June 24, 2024, Plaintiff returned a signed collection to fees form. (ECF No. 5.) In that form Plaintiff stated, *inter alia*:

> I further acknowledge that I must make monthly payments towards the balance of the $350.00 filing fee. These monthly payments shall be equal to twenty percent (20%) of the preceding month's deposits to my inmate account. Accordingly, **I agree to maintain a balance of twenty percent (20%) of the previous month's income in my account for payment to the court. I recognize that if I fail to maintain such a balance my action is subject to immediate dismissal.**
>
> I hereby consent for the appropriate prison official to withdraw from my account and forward to the court a money order equal to twenty percent (20%) my preceding month's income to the United States District Court. I agree that if I am transferred prior to payment of the full fee, the balance owing will be reported to the new institution with directions to continue the withdrawal of funds until the entire fee is paid. Payment will continue, if necessary, after resolution of this action until the full filing is paid.

(*Id.* at 1 (emphasis added).)

By Memorandum Order entered on October 29, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 14, at 1.) The Court directed Plaintiff's institution to mail twenty (20%) of all of Plaintiff's deposits to the Court until the balance of the $350.00 filing fee was paid. (*Id.*) The Court also repeatedly reminded Plaintiff "that he must retain a balance of the twenty percent (20%) of his previous month's income in his prison account." (*Id.* at 2.) The Court specifically warned Plaintiff "that if receives money from any source, he must retain a 20% percent balance in his account for **each** of his cases or else his cases could be subject to dismissal." (*Id.* at 1 n.1 (emphasis added).)

On December 5, 2024, the Court received a filing fee payment in the amount of $10.20 from Plaintiff's institution. (ECF No. 16.)

On November 22, 2024, the Court received a letter from a fiscal specialist at Plaintiff's institution. (ECF No. 15.) That specialist stated:

> Currently, Inmate Walker has 5 pending cases. Three of these cases have the footnote, using language of "20% each."

2

> I am seeking clarification of the amount that I am to send to the courts for each of the open cases. Do I send 20% of the total deposit to *each* of the cases with footnote or continue to divide a single 20% (divided by the 5 cases) to each.

(*Id.* at 1.)

On November 22, 2024, the Clerk responded, in pertinent part:
> Mr. Walker currently has five pending cases in our court (3:24cv378, 3:24cv379, 3:24cv430, 3:24cv548, and 3:24cv711). All filing fees are d[ue] simultaneously, not sequentially. Accordingly, because Mr. Walker has 5 pending cases, 5x20 percent means 100 percent of his deposits should be going to the Court.

(ECF No. 15-2, at 1.)[1]

On January 13, 2025, the Court received a Report of Violation of Consent Order ("Report") from a fiscal specialist at Plaintiff's institution. (ECF No. 19, at 1.) The Report noted that Plaintiff "has received $207.50 in his inmate account for the month of December 2024. but withdrew $195.00 commissary, leaving less than twenty percent (20%) of plaintiff's preceding month's income in compliance with the Court's Order And Consent Form. (*Id.* at 1 (emphasis omitted).) Attached to the Report, is a letter from an individual in Inmate Accounts at Plaintiff's institution, which Plaintiff received on or about December 2, 2024. (ECF No. 19-1, at 1.) That letter states, in pertinent part:

> On the 1st of each month, until paid in full, 20% of the previous month's deposits, will be pulled from your account and will be sent to <u>each case number</u> on file (currently, there are 5 cases). This will begin on January 1, 2025 for deposits received in December 2024. You will receive a receipt along with the new balance due each month after the checks are processed.
>
> It is <u>your</u> responsibility to have 100% (20% x 5 cases) of the funds deposited available on the first of each month. If the full 100% of your deposits (less fees collected by the ADC) is not in your account on the first of the month, your case is subject to immediate dismissal per the Consent to Collection of Fees agreement.

(*Id.*)

### C.    Directing Plaintiff to Show Cause

"When prisoners fail to make their monthly payments, they risk dismissal as a sanction." *Hodges v. Meletis*, 109 F.4th 252, 257 (4th Cir. 2024). Given the record here, Plaintiff is DIRECTED, within twenty (20) days of the date of entry hereof, to show cause why his action should not be dismissed for failure to make his monthly payment toward the filing fee.

---

[1] Technically, Plaintiff's monthly filing fee obligation for *Walker v. McDonald*, 3:24CV711 was not incurred until January 14, 2025.

3

(ECF No. 20, at 1–4 (alteration in original).)

More than twenty (20) days have elapsed, and Plaintiff has not responded to the January 16, 2025 Memorandum Order. Furthermore, on February 6, 2025, the Court received another Report of Violation of Consent Order which reflects that in January 2025, Plaintiff depleted his account to avoid paying his filing fee to the Court. Given Plaintiff's conduct, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 28 February 2025
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge